ON APPLICATION FOR REHEARING
PER CURIAM.
From our judgment of December 12, 1984, the State of Louisiana has filed an application for rehearing with regard to that portion of our judgment which held that the State had not adhered to the proper forfeiture procedure set forth under R.S. 32:1550, governing the forfeiture of a vehicle or other property pursuant to that statute. With its application for rehearing, the State furnished a certified copy of proceedings instituted subsequent to the order of appeal granted by the trial court in this matter.
From these exhibits filed by the State, it appears that by pleadings filed on May 28, 1984, the State, through the District Attorney of the Sixteenth Judicial District Court, in docket number 55,867, filed a rule to show cause against “1979 Ford F-100 truck, La. Lie. # T-234893.” On July 6, 1984, the defendant, Raymond Boutte, signed an affidavit that he was the owner of the truck, and: that he waived all notice, time requirements, and proceedings in this matter; and wherein he declared that he was fully aware of the allegations of the petition and did not contest same nor did he wish to contest the forfeiture proceedings; and that he waived all rights in the matter and wished to surrender all rights, title, and interest he may have in the vehicle in question, to the Iberia Parish Sheriff’s Department. On August 14,1984, the defendant having failed to show cause why the vehicle should not be forfeited, the trial court ordered the forfeiture of the vehicle to the Iberia Parish Sheriff’s Department in conformity with LSA-R.S. 32:1550, et seq.
Inasmuch as the issue of the forfeiture of the vehicle is now moot, our order of remand to the trial court for further pro *242 ceedings is hereby vacated, and the application for rehearing is denied.